IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W CLARK,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY IMPOUND LOT, MR. JIM SCHWARTZTRAUBER, Owner; MS. SARA SCHWARTZTRAUBER, General Manager/Co-Owner; W. RANDALL PARAGAS, Fraud Law Offices; and LISA S. LOMACK, Fraud divorce wife not posted surving;<br><br>　　　　　Defendants. | 4:24CV3104<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Complaint, Filing No. 1, filed by Plaintiff Kenneth W. Clark ("Clark"), a non-prisoner. Clark was granted leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Upon review, the Court finds summary dismissal is appropriate.

**I. SUMMARY OF COMPLAINT**

Clark's Complaint, submitted on a pro se form Complaint for a Civil Case, is unintelligible, consisting mainly of nonsensical strings of legal terms and citations to Nebraska statutory provisions. Clark brings this civil action, invoking both the Court's federal question and diversity jurisdiction. Filing No. 1 at 3. Clark does not allege any violation of a federal statute. Instead, he alleges violations of "due process protection of law," and, as further basis for jurisdiction, he writes:

> Joint tenancy 25-202 Federal rules and codes statue law 30-810 28-520 criminal trespass 28-517 25-2121 30-2722 interested party military law 79-956 28-928.

Filing No. 1 at 3 (spelling and punctuation as in original). As defendants, Clark names Mr. Jim Schwartztrauber, who he identifies only as "owner"; Ms. Sara Schwartztrauber, who he identifies as "general manager and co-owner"; W. Randall Paragas, who Clark says is from the "Fraud Law Offices"; and Lisa S. Lomack, identified as "fraud divorce wife not posted survivor." Filing No. 1 at 2.

The entirety of Clark's Statement of Claim states: "The day of 01-21-2024 they trespassing on private property and stolen by theft 6 vehicles without my authorized. Violation of criminal charges court contempt 25-2121 practice license and dealer license need to be taken away." Filing No. 1 at 4. As relief, Clark seeks $500,000 and "ownership of the company" as payment for the violation. Filing No. 1 at 4.

Per its previous Memorandum and Order, Filing No. 23, the Court has also considered Filing Nos. 9, 10, 11, 15, 16, and 17, as supplemental to the Complaint for purposes of initial review. Though largely nonsensical, the supplements add additional references to statutes and causes of action such as "trespass on property," "probate fraud," "fraud false reporting," and "false alleging." Though the Court has reviewed the documents, it can discern no further parties to add, nor do the documents clarify the legal basis for Clark's Complaint.

### III.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or

malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Id. at 849 (internal quotation marks and citations omitted). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV. DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting

3

*Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Clark's Complaint fails to meet this minimal pleading standard.

Even when liberally construed, the Complaint, Filing No. 1, and any supplemental materials, Filing Nos. 9, 10, 11, 15, 16, and 17, contain no discernible relevance to the parties involved, no factual allegations indicating how any provisions of law may have been violated, or any indication as to why Clark may be entitled to relief. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. See *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation

omitted)). Clark's Complaint, even when considered with all other supplemental materials, falls far short of these pleading standards.

As with many of the lawsuits Clark has filed, Clark's claims appear to relate to a state court decision that denied Clark's claim to certain real property. The Court again advises Clark that the Court is precluded from granting him any relief with respect to that state court judgment under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court

5

judicial proceeding.  *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990).

Additionally, the Court is unable to ascertain any connection between any named defendant and the general and vague alleged violations of the law, nor can the Court determine how any alleged violative incident took place.  Put another way, the Court is unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific violations or connect any alleged violations with specific defendants.  Clark makes no allegations against any of the defendants in the body of his Complaint, let alone specifically allege any facts suggesting that any of them had personal involvement in any of the alleged wrongful conduct referenced in the Complaint.  As a result, Clark has failed to state a claim upon which relief can be granted against any of these Defendants.  *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

## VI.  CONCLUSION

Upon review, the Court finds the Complaint is largely unintelligible, fails to comply with Federal civil rules of pleading, and fails to state a claim for relief against any named defendant.  Accordingly, the Court will dismiss this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and without leave to amend as the Court concludes amendment would be futile given Clark's history of filing actions in this Court that fail to comply with Federal pleading rules.  *See, e.g.*, *Clark v. Aerni*, No. 8:24CV392, 2024 WL 4906131, at *6 (D. Neb. Nov. 27, 2024); *Clark v. Lancaster Ct. of Nebraska*, No. 4:23CV3057, 2023

WL 7041961, at *2 (D. Neb. Oct. 26, 2023) (dismissing case without prejudice after giving Clark an opportunity to amend where amended complaint failed to state a claim and "wholly ignored the Initial Review, providing no additional facts upon which to support his claims"); *Clark v. Wells Fargo Bank*, No. 4:23CV3060, 2023 WL 7041962, at *2 (D. Neb. Oct. 26, 2023) (same).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. A separate judgment will be entered.

Dated this 11th day of December, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge